IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE HARPER | : | CIVIL ACTION |
| | : | |
| v. | : | No. 13-3209 |
| | : | |
| M. FARRELL, et al. | : | |

## ORDER

AND NOW, this 10th day of June, 2014, upon careful and independent consideration of Petitioner Maurice Harper's pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Defendants' response thereto, and after de novo review of the Report and Recommendation of United States Magistrate Judge David R. Strawbridge and Harper's objections thereto, it is ORDERED:

1. Harper's objections to the Report and Recommendation (Document 15) are OVERRULED;[1]

---

[1] Harper is currently detained in the Curran-Fromhold Correctional Facility in Philadelphia while awaiting trial in three criminal cases: (1) No. CP-51-CR-0006700-2009, in which he is charged with controlled substance offenses ("the March 2009 drug case"); (2) No. CP-51-CR-0007104-2012, in which he is charged with aggravated assault and related offenses ("the May 2012 assault case"); and (3) No. CP-51-CR-0013312-2013, in which he is charged with robbery and a host of other offenses ("the November 2012 robbery case"). Harper was previously on bail in the March 2009 drug case and the May 2012 assault case, but his bail was increased in both cases (and ultimately revoked in the March 2009 drug case) following his arrest in the November 2012 robbery case. As a result, Harper has remained in custody since November 2012. In March 2013, while Harper was in custody, the Commonwealth withdrew the charges in the November 2012 robbery case when the complainant failed to appear. The Commonwealth refiled the criminal complaint the following month, and the November 2012 robbery case is currently scheduled for trial on September 15, 2014.

In June 2013, Harper filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release from confinement. Citing the March 2013 withdrawal of the charges in the November 2012 robbery case, Harper alleges the charges in that case are false and claims he is being detained without probable cause in violation of his constitutional rights.

In his March 21, 2014, Report and Recommendation, Judge Strawbridge recommends that Harper's petition be dismissed without prejudice because Harper has not exhausted any constitutional claim regarding his allegedly unlawful detention, having failed to invoke one complete round of Pennsylvania's established appellate review process, and has not demonstrated

2. The Report and Recommendation (Document 14) is APPROVED and ADOPTED;

3. Anderson's petition for writ of habeas corpus (Document 1) is DISMISSED without prejudice for failure to exhaust state remedies; and

4. A certificate of appealability shall not issue, as Anderson has not demonstrated that reasonable jurists would debate the correctness of this procedural ruling. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk of Court is directed to mark this case CLOSED.

BY THE COURT:


   /s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

any extraordinary circumstances justifying federal court intervention at this juncture. *See Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975) (holding that absent extraordinary circumstances, where a petitioner "seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its 'pre-trial' habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies"). As Judge Strawbridge notes, Harper attempted to seek relief from the bail decisions in the March 2009 drug case and the May 2012 assault case by filing a pro se "Petition for Application for Relief/Release in Criminal Matters Pursuant to Rule 23 and Rule 1762(b)(2)" in the Superior Court, but on October 23, 2013, the Superior Court denied the petition without prejudice to Harper's right to seek relief in the trial court by counsel. The Court agrees with Judge Strawbridge's conclusion that the filing of this pro se petition did not exhaust the federal constitutional claims raised therein because the filing was not in accordance with the state court's requirement that filings by represented criminal defendants be made by counsel and because Harper did not seek further review of the Superior Court's order in the Pennsylvania Supreme Court. Following the denial of his petition, Harper filed a mandamus petition in the Supreme Court, which he characterizes as "seeking to terminate representation and proceeding pro se if that[']s the only way to receive relief." Pet'r's Objections 12. In his objections, Harper notes that since Judge Strawbridge's Report was issued, the Supreme Court dismissed his pro se mandamus petition on the basis that hybrid representation is not permitted. But this dismissal also does not establish exhaustion both because the Supreme Court filing was dismissed on procedural grounds similar to those invoked by the Superior Court and because there is no indication Harper raised his federal constitutional claims in the Supreme Court. Because nothing in Harper's objections provides a basis to disturb Judge Strawbridge's conclusion that Harper has neither exhausted available state remedies nor demonstrated the existence of extraordinary circumstances, as required for this Court to exercise its pretrial habeas corpus jurisdiction, the objections are overruled.